**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4470**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

      v.

DEMETRIOUS ADONIS MOORE, a/k/a Meechie,

                  Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:08-cr-00124-HMH-1)

Submitted: November 16, 2011      Decided: December 12, 2011

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas E. Vanderbloemen, GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrious Adonis Moore was convicted by a jury of carjacking ("Count I"), in violation of 18 U.S.C. § 2119 (2006); extortion ("Count II"), in violation of 18 U.S.C. § 1951(a) (2006); and bank robbery ("Count III"), in violation of 18 U.S.C. § 2113(a) (2006). The district court sentenced Moore to 480 months' imprisonment. Moore appealed, and in an unpublished opinion following oral argument, "we affirm[ed] Moore's carjacking conviction (Count I) and sentencing enhancements, vacat[ed] the bank robbery conviction (Count III) and the portion of his sentence related to it, and remand[ed] for resentencing. Such remand is for the limited purpose of imposing Moore's sentence in the absence of his bank robbery conviction." United States v. Moore, 402 F. App'x 778, 784 (4th Cir. 2010) (No. 09-4175) (unpublished).

On remand, the district court utilized the same Guidelines calculations applied at Moore's initial sentencing with respect to Counts I and II to establish a new Guidelines range in the absence of Count III. The district court established a total offense level of thirty-nine and a criminal history category I, yielding a Guidelines range of 262 to 327 months, and sentenced Moore to 327 months' imprisonment. Moore appeals, challenging the application of various sentencing

2

enhancements and arguing that his new sentence is substantively unreasonable. Finding no error, we affirm.

As an initial matter, we conclude that the mandate rule precludes us from considering Moore's argument that the district court procedurally erred by imposing multiple sentencing enhancements that he asserts constituted impermissible double counting. The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). In our prior opinion, we vacated only that portion of Moore's sentence related to his bank robbery conviction. Moore now seeks to challenge sentencing enhancements that arose in the context of his carjacking and extortion convictions. Because he failed to raise his double-counting argument during his original sentencing hearing or in his first appeal and no exception to the mandate rule applies, see United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing exceptions), the mandate rule bars consideration of that argument in this appeal. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[U]nder the mandate rule, a remand proceeding is not the occasion for raising new arguments

or legal theories."); Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 505 (4th Cir. 1992) ("It is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.").

Turning to Moore's challenge to the substantive reasonableness of his sentence, we conclude that we may address this claim because it could not have been considered previously by this court. Moore asserts that his sentence is unduly long in comparison to similar defendants, and it does not account for his personal history and characteristics. Moore properly preserved this challenge "[b]y drawing arguments from [18 U.S.C. § 3553(a) (2006)] for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

We review sentences for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first examine the sentence for "significant procedural error." Id. If we find the sentence procedurally reasonable, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks omitted). A sentence within a properly calculated Guidelines range will be presumed

reasonable.  <u>United States v. Mendoza-Mendoza</u>, 597 F.3d 212, 216 (4th Cir. 2010).

After a review of the record, we conclude that Moore has failed to overcome the presumption of reasonableness accorded his within-Guidelines sentence.  Moore's argument that his sentence is unduly disparate when compared to his co-defendants' sentences and to sentencing statistics is without merit, as Moore cannot demonstrate that he is similarly situated to these proposed comparators.  <u>See</u> <u>United States v. Abu Ali</u>, 528 F.3d 210, 264 (4th Cir. 2008).  Moore's contention that his sentence is greater than necessary to serve the goals of sentencing similarly lacks merit, as Moore has not demonstrated that his mitigating characteristics require a lesser sentence than the one imposed by the district court.  <u>See</u> <u>Pauley</u>, 511 F.3d at 474.

Accordingly, we affirm the 327-month sentence imposed by the district court on remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5